In the Matter of the Estate of ADELE S. CLARK, Deceased.

Surrogate's Court, New York County, December 8, 1930.

*Hines, Rearick, Dorr, Travis & Marshall* [*A. O. Dawson* of counsel], for the petitioner.

*Laughlin, Gerard, Bowers & Halpin*, for Isabel E. Bell.

*Niles & Johnson*, for Benjamin H. D. Trask.

O'BRIEN, S. This application to vacate a decree granting letters of administration is denied. The decedent died in the Rhode Island State Hospital on August 7, 1930. Her death was the result of an automobile accident which occurred on August 6,

1930, in which accident her husband, who was with her at the time, was also injured and died the day of the accident. On September 11, 1930, a petition of Isabel E. Bell, the decedent's aunt, who resides at Silverado Ranch, Calistoga, Napa county, Cal., was filed in which the petitioner requested that letters of administration be issued to her. The estate was said not to exceed $1,000,000 in personal property and $100,000 in real property. Accompanying the petition is the affidavit of the attorney who had known the decedent since 1911 or 1912 and who handled a great many legal matters for her, and he states that the applicant is entitled to letters, she being the nearest next of kin and the person who is entitled to the full estate. On that day, September 11, 1930, a decree was made granting the letters of administration to the applicant upon her executing a bond in the penal sum of $50,000. On September 17, 1930, an order was obtained staying proceedings as to the issuance of letters until the hearing and determination of this application to vacate the decree of September 11, 1930. The petitioner in this proceeding is Benjamin H. D. Trask. He is a nephew of Benjamin H. D. Trask, Jr., a maternal grandfather of the decedent, and is the son of a brother of such grandfather. The decedent was the daughter of Peter Sturges and Sarah S. S. Trask Sturges. She had one sister who was older than she and who never married and who died without issue, leaving surviving her as her only heir at law and next of kin the decedent. It is alleged that the property of which the decedent was seized and possessed at the time of her death was the property which she had inherited from her maternal grandfather and her sister who predeceased her. It is contended by Trask that the decedent left surviving as only next of kin the petitioner's three sisters and a brother, all of whom are first cousins once removed; that she was survived by no husband, no child or children, no child or issue of a deceased child, no adopted child or children, no issue of any deceased adopted child or children, no father, mother, brother or sister of the whole or the half blood, no issue of a deceased brother or sister, *no uncle or aunt* and no issue of a deceased uncle or aunt other than those above mentioned, and upon information and belief that the person named in the decree granting letters of administration is not the heir at law and next of kin of the deceased or the sole heir at law or next of kin.

Upon the return day of the citation in this proceeding opposing affidavits were submitted. They are quite voluminous and they describe with precision the genealogy connecting the decedent and the person to whom the letters were decreed to be issued. Among these affidavits is one verified by said person, Isabel E. Bell. This affidavit is as follows:

" Isabel E. Bell, being duly sworn, deposes and says: I, at the present time, reside with my daughter Dorothy B. Dyer and her husband at Silverado Ranch, Calistoga, Napa County, California. I am 77 years old, having been born on the 31st day of March, 1853.

" My father was Mr. James Sturges, and my mother's maiden name was Maria Demarest. I am attaching to this my affidavit a photostatic copy of the marriage certificate of my said father and mother, they having been married in the City of New York on the 23rd day of April, 1834. At the time of my birth my parents resided at No. 18 East 28th Street in the City of New York.

" My parents had five children. James Sturges, who was my oldest brother, died about 1879 on the Fairfax Plantation near New Orleans from yellow fever. Peter Sturges, another brother, was the father of Adele Sturges Clark, the above named decedent. Augustus W. Sturges, another brother, was the father of Isabel Sturges and Thomas Keech Sturges. Isabel Sturges is now the wife of Thomas T. Sturges of Scarborough, New York, Thomas Keech Sturges died without issue I think about ten years ago. Susan Sturges, my sister, died without issue about 31 or 32 years ago. I was the youngest child of the family.

" My brother Augustus Sturges died of yellow fever in the same epidemic with my brother James Sturges and my mother Maria Demarest Sturges, all three having died within a period of one week in the year 1879 on the Fairfax Plantation, near New Orleans.

" My brother Peter Sturges married Susan S. S. Trask about Feb. 5th, 1868. I was present at their wedding, and thereafter they had two children, Sadie Trask Sturges and Adele Sturges, the above named decedent. Adele Sturges married Frank Dodd, later divorced him and finally married Bainbridge Percy Clark.

" I am also presenting with my affidavit herewith a certificate of my baptism at the Church of the Incarnation. Although I was baptized Elizabeth Isabella Sturges, when I was quite young, and before my marriage, I changed the names around and called myself Isabel Elizabeth, and I am sending to my daughter Mrs. Dorothy Bell Dyer one of my silver baby spoons on which my initials appear in the same order as my name in the baptismal certificate.

" On the 3rd of June, 1874, I was married to Joseph Bell. Mr. Elihu Root, later United States Senator and a member of President Roosevelt's and President Taft's cabinets, was my husband's best man. I am having presented with this affidavit a photostatic copy of the record on file in the Bureau of Records, Department of Health, City of New York, showing my marriage on that date. In the certificate my age appears as 22 and that of my husband as 34. I gave my age as 22 because I was then in my twenty-second

year and to make it appear that I was more nearly my husband's age.

"At the time I was married I resided on Fifth Avenue, two doors north of the corner of 84th Street and Fifth Avenue. I lived there until the time that my husband was appointed Judge of the District Court of New Mexico by President Arthur, who was a close personal friend of his, at which time I sold the house. Prior to leaving New York my husband was assistant district attorney under Mr. Benjamin H. Phelps and practiced law in New York City as a member of the firm of Hilton, Campbell & Bell.

"After the appointment of my husband as United States Court Judge for New Mexico, we moved from New York to Albuquerque. My husband sat as Judge in Santa Fe, but I was unable to live in that city because of the high altitude and we made our residence at Albuquerque until we moved to California because of my husband's failing health. He was troubled with a peculiar lung trouble called emphysema. We made various trips seeking climatic changes upon the advice of doctors, going to Alaska, Japan and China, but during all this time retaining our residence in Pasadena, California. We returned to Pasadena in September, 1887, and my husband died about the middle of November, 1887.

" My husband and I had one child, who was christened Marie Sturges Bell. My daughter studied music and sang professionally for a short time before she married and changed her name to Dorothy Bell, first calling herself Marie Dorothy Sturges Bell, and when she was married she dropped the Marie and called herself Dorothy Bell Dyer.

" I have made it a practice of living with my daughter Dorothy Bell Dyer during the summertime and have spent my winters travelling or in hotels or apartments in New York, Washington and San Francisco. I went out to San Francisco in 1924 with a maid named Catherine Horan. I have lived permanently with my daughter Mrs. Dyer since April, 1930.

" I know of no relative who is of closer relationship to the above named decedent than myself. The next nearest relatives are Isabel Sturges, who resides at Scarborough, New York, the daughter of my deceased brother Augustus Sturges, and my daughter Dorothy Bell Dyer, both of whom are first cousins of the deceased."

Numerous other affidavits and certificates supplement and effectuate said affidavit of Isabel E. Bell. No affidavits answering or contradicting said affidavits have been submitted in behalf of the petitioner Trask. The sworn statements submitted in behalf of Isabel E. Bell are so overwhelming upon the issue raised by the petitioner Trask that they leave not a scintilla of doubt that said

Isabel E. Bell is the aunt and next of kin of the decedent, and that she alone is entitled to letters. *Moreover they establish satisfactorily the identity of said Isabel E. Bell as said aunt of decedent.* Upon the argument counsel for said Trask confirmed the relationship of said Isabel E. Bell by producing a certified copy of the application for letters of administration made by decedent's father, Peter Sturges, for letters of administration in the estate of his father (decedent's grandfather), in which application it is clearly shown that said Isabel E. Bell is the aunt of decedent. Notwithstanding the issues formally raised upon the return of the citation, the facts are so absolutely, undeniably and convincingly proven that it would be a waste of estate funds and a gross injustice to foster useless expense by ordering a trial as requested by said petitioner Trask. Submit order on notice.